**Petition for Writ of Mandamus Denied and Memorandum Opinion filed February 23, 2012.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-12-00045-CV

_____

## IN RE G. CHRISTIAN CORCORAN and PEGGY CORCORAN, Relators

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**125th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2009-41594**

---

## M E M O R A N D U M    O P I N I O N

On January 20, 2012, relators G. Christian Corcoran and Peggy Corcoran filed a petition for writ of mandamus in this court.  *See* Tex. Gov't Code § 22.221; *see also* Tex. R. App. P. 52.   Relators ask this court to direct the respondent, the Honorable Kyle Carter, presiding judge of the 125th District Court of Harris County, to vacate his written order signed January 9, 2012, denying relators' motion to compel answers to deposition questions and grant the motion.

The deposition of one of the real parties in interest, Cynthia Jones, was taken on March 29, 2010, almost two years ago.[1]   Relators assert that the trial court improperly

---

[1]   No explanation if offered for the delay.   Mandamus relief may be denied to a party for lack of diligence.   *In re Users Sys. Servs., Inc.,* 22 S.W.3d 331, 337 (Tex. 1999).

permitted Cynthia to claim the spousal privilege to refuse to disclose communications with her husband, Rod, about an incident at issue in the underlying litigation. *See* Tex. R. Evid. 504(a) (setting out the husband-wife privilege for confidential communications).[2] Because the Joneses filed claims for affirmative relief against relators, relators assert that Cynthia's refusal to answer is an improper offensive use of the spousal privilege.[3] Relators moved to compel the answers to these and other questions, and the trial court signed a written order on January 9, 2012, granting some of the relief sought, but denying relief on the questions related to spousal communications and Cynthia's observations of a videotape. The order does not state the basis for the rulings.[4] No record of a hearing on the motion to compel is included with relators' petition.[5]

Mandamus will issue to correct a discovery order if the order constitutes a clear abuse of discretion and there is no adequate remedy by appeal. *In re Colonial Pipeline Co.*, 968 S.W.2d 938, 941 (Tex. 1998). Mandamus relief may be justified when: (1) the appellate court would not be able to cure the trial court's discovery error, such as when privileged information or trade secrets would be revealed or production of patently irrelevant or duplicative documents imposing a disproportionate burden on the producing party is ordered; (2) the party's ability to present a viable claim or defense is severely compromised or vitiated by the erroneous discovery ruling to the extent that it is effectively

---

[2]   The rule provides:
> (2) Rule of privilege. A person, whether or not a party, or the guardian or representative of an incompetent or deceased person, has a privilege during marriage and afterwards to refuse to disclose and to prevent another from disclosing a confidential communication made to the person's spouse while they were married.

Tex. R. Evid. 504(a) (2).

[3]   *See Republic Ins. Co. v. Davis*, 856 S.W.2d 158, 163 (Tex. 1993) (setting out the factors to be considered in determining whether a party has waived a privilege by offensive use of the attorney-client privilege). These factors are: (1) whether the party asserting the privilege is seeking affirmative relief; (2) whether the party is using the privilege to protect outcome determinative information; and (3) whether the protected information is not otherwise available to the defendant. *Id.*

[4]   The objections at the deposition were simply as to "form." Relators have not addressed the real parties' other bases for refusing to answer questions about the videotape, as set out in their response to relators' motion to compel discovery.

[5]   It is the relator's burden to provide this court with a sufficient record to show entitlement to relief. *Walker v Packer*, 827 S.W.2d 833, 837 (Tex. 1992). A relator is required to file a properly authenticated transcript from the underlying proceeding or a statement that no testimony was adduced in connection with the matter complained of. *See* Tex. R. App. P. 52.7(a)(2).

denied the ability to develop the merits of its case; or (3) the trial court's discovery order disallows discovery that cannot be made a part of the appellate record, thereby denying the reviewing court the ability to evaluate the effect of the trial court's error. *Id.* (citing *Walker v. Packer*, 827 S.W.2d 833, 843–44 (Tex. 1992)).

Relators have not established that the trial court abused its discretion. A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law, or if it clearly fails to analyze or apply the law correctly. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005). When reviewing the trial court's decision for an abuse of discretion, we may not substitute our judgment for that of the trial court with respect to the resolution of factual issues or matters committed to the trial court's discretion. *See Walker*, 827 S.W.2d at 839-40.

The Texas Supreme Court has recognized that privileges "represent society's desire to protect certain relationships, and an offensive use waiver of a privilege should not lightly be found." *Republic Ins.*, 856 S.W.2d at 163. The Texas Supreme Court has applied the offensive use doctrine to the attorney-client privilege, [6] the privilege against self incrimination, [7] and the physician-patient privilege. [8] In contrast, the clergy communications privilege has no exceptions. *See* Tex. R. Evid. 505. Our sister court has rejected application of the offensive use doctrine to the clergy privilege. *See Nicholson v. Wittig*, 832 S.W.2d 681, 687 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding).

Relator has not cited any authority holding that the offensive use waiver applies to the spousal communications privilege. For example, in *Marshall v. Ryder Sys., Inc.,* cited by relators, this court applied the offensive use waiver to the privilege against self incrimination under the Fifth Amendment. 928 S.W.2d 190 195-96 (Tex. App.—Houston [14th Dist.], 1996, writ denied); *see also In re Garza,* No. 13-07-401-CV, 2007 WL 2246779 *3 (Tex. App.—Corpus Christi Aug. 6, 2007, orig. proceeding) (not designated

[6] *See Republic Ins. Co.,* 856 S.W.2d at 163.
[7] *See Texas Dep't of Pub. Safety Officers Ass'n v. Denton,* 897 S.W.2d 747, 760-61 (Tex. 1995).
[8] *See Ginsberg v. Fifth Court of Appeals,* 686 S.W.2d 105, 107-08 (Tex. 1985).

for publication) (also addressing the offensive use of the Fifth Amendment privilege). The *Marshall* opinion also noted that there is no broad testimonial spousal privilege in civil cases, and the spousal privilege is limited to confidential communications between the spouses. *Id.* at 195. Therefore, these authorities do not support relators' claim for relief.

Relators have not established that they are entitled to extraordinary relief. Accordingly, we deny relators' petition for writ of mandamus.

PER CURIAM

Panel consists of Chief Justice Hedges and Justices Jamison and McCally.